# IN THE COURT OF APPEALS
## OF THE
## STATE OF MISSISSIPPI
### NO. 1998-KA-01132-COA

RONNIE JOHNSON                                                          APPELLANT

v.

STATE OF MISSISSIPPI                                                    APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 06/04/1998 |
| TRIAL JUDGE: | HON. L. BRELAND HILBURN JR. |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | THOMAS M. FORTNER |
| | ROBERT M. RYAN |
| | ANDRE' DE GRUY |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: DEIRDRE MCCRORY |
| DISTRICT ATTORNEY: | EDWARD J. PETERS |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | 06/04/1998: MURDER: SENTENCED TO SERVE LIFE IN THE CUSTODY OF THE MDOC |
| DISPOSITION: | AFFIRMED - 04/25/2000 |
| MOTION FOR REHEARING FILED: | 5/17/2000; denied 8/8/2000 |
| CERTIORARI FILED: | 8/16/2000; denied 10/12/2000 |
| MANDATE ISSUED: | 11/2/2000 |

BEFORE SOUTHWICK, P.J., LEE, AND MOORE, JJ.

LEE, J., FOR THE COURT:

¶1. Ronnie Johnson was convicted for the murder of Angela Parker and sentenced to life in the custody of the Mississippi Department of Corrections. Johnson has filed a timely appeal to this Court to review his conviction and presents the following issues: (1) whether the trial court committed plain error in denying Johnson's motion to bar prosecution of the indictment on double jeopardy grounds, contrary to the holding in *United States v. Dixon*, 509 U. S. 688 (1993), and in violation of the United States and Mississippi Constitutions, (2) whether the trial court committed plain error in refusing to charge the jury with defense requested jury instruction D-12, and (3) whether the trial court erred in charging the jury with jury instruction S-1. This Court determines that the aforesaid issues are without merit, and accordingly affirms the lower court.

## FACTS

¶2. On July 21, 1997, Angela Parker was found with multiple stab wounds and died shortly thereafter, as a result of the multiple wounds. An investigation ensued to find the perpetrator.

¶3. To assist police with the investigation, the family of Parker performed an inventory of her home hours after the crime was reported, and as a result, it was discovered that several items were missing. Eventually, the homicide division received an anonymous call regarding the missing items. The caller claimed that these items were located in Johnson's apartment. A search warrant was obtained to search the apartment of Johnson.

¶4. Detectives were searching for a stereo with speakers, two Japanese style wall fans, a Zenith VCR, two dark cherry wood end tables, one dark cherry wood coffee table, and two black table lamps which they believed were taken during the course of the murder of Parker. Officers found these items in Johnson's apartment and arrested Johnson for the murder of Parker. Subsequently, Johnson was indicted by the grand jury.

¶5. Prior to Johnson's indictment for the murder of Parker, he was out on bond for a pending charge in Madison County, Mississippi. The State of Mississippi filed a motion to revoke bond based on the fact that there was probable cause to believe that Johnson had committed the offense of murder, which motion was granted by the Circuit Court of Madison County. Prior to the trial commencing, Johnson filed a motion to bar prosecution for the charge of the murder of Parker and argued a double jeopardy violation. This motion was denied by the trial court; thereafter, Johnson was prosecuted and found guilty for the murder of Parker.

## DISCUSSION

### I. WHETHER THE TRIAL COURT COMMITTED PLAIN ERROR IN DENYING JOHNSON'S MOTION TO BAR PROSECUTION OF THE INDICTMENT ON DOUBLE JEOPARDY GROUNDS, CONTRARY TO THE HOLDING IN *UNITED STATES V. DIXON*, 509 U.S. 688 (1993), AND IN VIOLATION OF THE UNITED STATES AND MISSISSIPPI CONSTITUTIONS.

¶6. Johnson argues that the trial court erred in denying his motion to bar prosecution because the holding violated the fundamental constitutional guarantee of Johnson against twice being placed in jeopardy. To support this argument, Johnson primarily relies on the cases of *Blockburger v. United States*, 284 U.S. 299 (1932) and *United States v. Dixon*, 509 U.S. 688 (1993). Johnson continues his argument by asserting that his bond being revoked in Madison County, as a result of the charges against him in the case at bar caused Johnson to suffer successive proceedings and punishments for the same conduct and was prohibited under the Double Jeopardy Clause of the United States and Mississippi Constitutions. The State addresses this argument by asserting that Johnson has cited no authority to support his position that jeopardy attaches to a bail revocation hearing; therefore, the trial court committed no error.

¶7. The Double Jeopardy Clause is contained in the Fifth Amendment of the United States Constitution. This clause is applicable to the states through the Due Process Clause of the Fourteenth Amendment. *Cook v. State*, 671 So. 2d 1327, 1331 (Miss. 1996). The Fifth Amendment does not allow an individual to be twice put in jeopardy of life or limb for the same offence. *Id.* In *United States v. Dixon*, 509 U.S. 688, 696 (1993), the United States Supreme Court acknowledged that the Fifth Amendment protection against double jeopardy applied to successive punishments and successive prosecutions for the same criminal offense. This Court interprets the Double Jeopardy Clause of the Mississippi Constitution consistent with

authoritative constructions of the Constitution of the United States. *Lee v. State*, 469 So. 2d 1225, 1228 (Miss. 1985).

¶8. While the court in *Dixon* reviewed two cases which were on appeal to determine whether the Double Jeopardy Clause was applicable, Johnson focuses on the defendant who had been charged with possession of cocaine. *Id*. at 688. The defendant, Dixon, had been placed on a conditional release which prohibited any further violations of the law. If Dixon violated this condition, he would be subject to not only a revocation of release and order of detention, but also prosecution for contempt. *Id*. Subsequently to his release, the defendant was arrested for possession of cocaine with intent to distribute. *Id*. A criminal contempt hearing was held. *Id*. at 691-92. The court found Dixon guilty of criminal contempt, and he was sentenced to 180 days. *Id*. His indictment for possession of cocaine was later dismissed on double jeopardy grounds since the crime violating the condition of release was the same as the violated crime. *Id*.

¶9. The court in *Dixon* noted that a criminal contempt charge which is enforced in a nonsummary proceeding is a "crime in the ordinary sense." *Id*. at 696. The court then relied on the "same elements" test, sometimes referred to as the "Blockburger" test, which requires a court to inquire whether each offense requires an element not found in the other; if not, the crimes are the "same offence" and the Double Jeopardy Clause bars successive prosecutions and punishments. *Id*. The court noted that "the 'crime' of violating a condition of release" could not be "abstracted from the 'element' of the violated condition;" therefore, it was double jeopardy to prosecute Dixon for the crime of possession of cocaine. *Id*. at 698-99. For reasons discussed below, *Dixon* is not applicable to the case at bar.

¶10. The Mississippi Supreme Court has held that the protections afforded by the Double Jeopardy Clause do not apply to probation revocation hearings, if there is no evidence of an acquittal or conviction on the merits of the crime charged on which revocation was based. *Lightsey v. State*, 493 So. 2d 375, 377-78 (Miss. 1986). The Mississippi Supreme Court has also held that probation revocation hearings are not criminal in nature. *Ray v. State*, 229 So. 2d 579, 581 (Miss. 1969). In the Fifth Circuit case of *Showery v. Samaniego*, 814 F.2d 200, 202 (5th Cir. 1987), the court commented that the revocation of an appellate bond was equivalent to the non-criminal nature of parole and probation revocation hearings. The court further explained this conclusion by stating the following:

> [e]ven though the alleged basis for bond revocation is the commission of a subsequent offense, the proceedings are not designed to obtain a conviction for the violation of that offense. They are designed to assess the propriety of allowing the defendant, who has already been convicted and sentenced on a separate charge, to remain free on bond. Such proceedings are not "essentially criminal."

*Id*. at 203. The court ultimately held that there was no double jeopardy violation. *Id*. at 204.

¶11. In the case at bar, the bond was not that of an appellate bond; therefore, there had been no subsequent conviction and sentence, only an indictment; however, we find the same logic is applicable. Additionally, as was the case in *Lightsey*, 493 So. 2d at 377-78, Johnson has failed to show he was previously convicted of the crime of murder in the Circuit Court of Madison County when the trial judge revoked his bond. Based on the aforementioned law, we do not have to perform further analysis using the "same elements" test, or whether the punishment was punitive in nature. This Court disagrees that Johnson has suffered a double jeopardy violation under either the federal or state constitutions; therefore, this issue is without merit.

**II. WHETHER THE TRIAL COURT COMMITTED PLAIN ERROR IN REFUSING TO CHARGE THE JURY WITH DEFENSE REQUESTED JURY INSTRUCTION D-12.**

¶12. Johnson argues the trial court erred when it failed to give jury instruction D-12 which set forth a statement of the law on the lesser offense of receiving stolen property. Johnson contends that the exclusion of this instruction denied him the opportunity to present all the theories of his defense and "affected the overall framework of the trial proceeding itself." The State counters this argument by asserting that jury instruction D-12 was summarily dismissed absent an objection from Johnson's counsel at the time of refusal; therefore, it is procedurally barred. *See Ragin v. State*, 724 So. 2d 901, 906 (Miss. 1998). However, the Mississippi Supreme Court has stated that a procedural bar cannot be imposed to jury instructions that the litigant himself has offered. *Finley v. State*, 725 So. 2d 226, 230-31 (Miss. 1998); *see also Duplantis v. State*, 708 So. 2d 1327, 1339 (Miss. 1998). The litigant is not required to object to jury instructions they have offered. *Finley*, 725 So. 2d at 230. All that is required to preserve the issue for review is to tender the proposed instruction; therefore, we will review this issue on the merits. *Id*. at 231.

¶13. As aforementioned, Johnson contends that it was plain structural constitutional error to deny his instruction which contained the information of the lesser-included-offense of receiving stolen property. Johnson cites the case of *Neder v. United States*, 119 S.Ct. 1827 (1999), to support the argument that the "failure to submit an instruction containing all of the elements of the offense, or in the instant, the failure to submit any jury charge at all, is submitted to be structural error of constitutional dimension warranting automatic reversal." *Neder* is not applicable to the case at bar.

¶14. Contrary to the aforementioned statement by Johnson, the Supreme Court stated that "[u]nlike such defects as the complete deprivation of counsel or trial before a biased judge, an instruction that omits an element of the offense does not necessarily render a criminal trial fundamentally unfair or an unreliable vehicle for determining guilt or innocence." *Neder*, 119 S.Ct. at 1833. The Supreme Court determined that the omission of an element of materiality would be reviewed under harmless error analysis. *Id*. at 1837. Additionally, *Neder* addressed this issue under federal law and the Federal Rule of Criminal Procedure Rule 52 which is not the situation in the case at bar. *Id*. at 1833. Furthermore, in *Johnson v. United States*, 520 U.S. 461, 468-69 (1997), the court stated as follows:

> A "structural" error, we explained in *Arizona v. Fulminante*, is a "defect affecting the framework within which the trial proceeds, rather than simply an error in the trial process itself." We have found structural errors only in a very limited class of cases: a total deprivation of the right to counsel, lack of an impartial trial judge, unlawful exclusion of grand jurors of defendant's race, the right to self-representation at trial, the right to a public trial, erroneous reasonable-doubt instruction to jury. (citations omitted)

Therefore, this Court will not review this case under a constitutional structural error analysis.

¶15. This Court notes that Johnson's belief that he was entitled to a lesser-included-offense instruction of receiving stolen property along with murder is misplaced. A lesser-included-offense instruction should be given, on request, if a reasonable jury could find the defendant not guilty of the principal offense charged in

the indictment nevertheless, guilty of the lesser-included-offense. *Ballenger v. State*, 667 So. 2d 1242, 1254 (Miss. 1995); *see also Mease v. State*, 539 So. 2d 1324, 1329-30 (Miss.1989) For a crime to be considered a lesser-included-offense of another crime it must be composed of some, but not all, of the elements of the greater crime, and not have any element not included in the greater offense. *Ballenger*, 667 So. 2d at1254. Receiving stolen property is not a lesser-included-offense of murder. Miss. Code Ann. § 97-3-19 (2)(e) (Supp. 1999); § 97-17-70 (1972). This Court will not continue with any further analysis, and address the merits of the argument of the entitlement of a lesser-included-offense jury instruction under the harmless error analysis. This issue is without merit.

### III. WHETHER THE TRIAL COURT ERRED IN CHARGING THE JURY WITH JURY INSTRUCTION S-1.

¶16. In his final issue, Johnson submits that the trial judge erred in charging the jury with State instruction S-1. Johnson contends that the insertion of the words "not in necessary self-defense" in this instruction prejudiced Johnson. The State once again counters this argument by asserting that counsel for Johnson failed to make a timely objection and is procedurally barred from arguing this issue on appeal. *See Ragin v. State*, 724 So. 2d 901, 906 (Miss. 1998). A review of the record reveals that there was no objection from Johnson's counsel at the time instruction S-1 was granted. In fact, when the trial court stated that instruction S-1 would be marked given, the trial judge specifically asked counsel for Johnson whether they had any objections. Johnson's counsel responded in the negative; therefore, this issue is without merit.

### CONCLUSION

¶17. This Court concludes that a revocation of bail bond based on an indictment for murder, and the subsequent trial and conviction for the crime of murder does not violate the Double Jeopardy Clause of the Fifth Amendment. Additionally, we find that *Neder v. United States*, 119 S.Ct. 1827 (1999), is not applicable to the case at bar. Furthermore, the crime of receiving stolen property is not a lesser-included-offense of murder. Finally, this Court determines that issue three regarding jury instruction S-1 is procedurally barred. Finding all of the issues presented by Johnson to be without merit, we affirm the decision of the trial court.

¶18. **THE JUDGMENT OF THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT OF HINDS COUNTY OF CONVICTION OF MURDER AND SENTENCE OF LIFE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.**

**McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, IRVING, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.**