SOUTHWICK, P.J.,
for the Court. ■
¶ 1. Sylvester Bradford petitioned the Circuit Court of Hancock County for post-conviction relief. The petition was denied and Bradford appeals. There was no error, and we affirm.
FACTS
¶ 2. Bradford entered a plea of guilty to a charge of felony driving under the influence on July 17, 1996. He was sentenced to five years imprisonment, with four years suspended conditioned upon successful completion of three years probation, and fines, costs and restitution in the amount of approximately $1400. After serving the year, Bradford was released on probation. In October, 1999, the State filed a petition to revoke probation for failure to satisfy the financial obligations of the sentence. After a hearing on November 15, 1999, the court revoked Bradford’s probation and sentenced him to a five-year prison term with credit for time previously served.
¶ 3. In his subsequent petition for post-conviction relief to correct the sentence, Bradford argued that he had been subjected to double jeopardy in violation of the Fifth Amendment to the U.S. Constitution by the imposition of the five-year term of incarceration. He argued he should only have been sentenced to serve the time remaining on his probation. Following denial of his petition, Bradford on appeal added a claim of violation of his Fourteenth Amendment equal protection rights by having his probation revoked for failure to pay the fines and imposition of a sentence which exceeded that originally imposed.
DISCUSSION

1. Double Jeopardy

¶ 4. The Double Jeopardy clause of the Fifth Amendment protects defendants from multiple punishments for a single offense as well as multiple prosecutions for the same offense following conviction or acquittal. White v. State, 702 So.2d 107, 109 (Miss.1997). Bradford argues he has been subjected both to repetitive prosecution and multiple punishments for the single offense. That is not the case. Probation revocation proceedings do not result in new criminal convictions. Johnson v. State, 768 So.2d 934, 936-37 (Miss.Ct.App.2000). Lacking a prosecutorial element, such revocation hearings do not implicate the Double Jeopardy clause.
¶ 5. The argument of multiple sentences also does not withstand scrutiny. Bradford was charged with one offense and received one punishment. His sentence required only one year of imprisonment, with the remainder to be served in relative freedom but subject to compliance with the rules of his probation. If the conditions of probation have been violated, a court may revoke any or all of the suspended sentence. Artis v. State, 643 So.2d 533, 537 (Miss.1994)
¶ 6. In this case, the circuit court elected to revoke the four years initially suspended on Bradford’s five year sentence. He is now required to serve those four years in custody. He is not entitled to any credit for the time spent on proba *1290 tion. Miss.Code Ann. § 47-7-37 (Rev. 2000). The cases cited by Bradford suggesting that he can only be sentenced to serve the remaining time of his probationary period are federal cases which neither support his argument nor are applicable to a conviction under Mississippi law.
¶ 7. Bradford also questions the wording of his new sentence after probation was revoked. Instead of being ordered to serve the four years that had been suspended from his original five year sentence, he was re-sentenced to five years but with credit for the year that he had already served. The effect is the same and we see no reason that different phrasing must be used.

2. Equal Protection

¶ 8. Bradford also argues that imprisonment for failure to pay his fines violates the Fourteenth Amendment right to equal protection under the law. The State objects to this argument on the ground that Bradford failed to raise the issue in the court below.
¶ 9. Ordinarily issues not raised at the trial court level may not be raised for the first time on appeal. Gardner v. State, 531 So.2d 805, 808-09 (Miss.1988). This is subject to the exception that errors affecting fundamental rights will not be barred from appellate review on this ground. Read v. State, 430 So.2d 832, 837 (Miss.1983). We review the merits of the' equal protection claim.
¶ 10. The United States Supreme Court has held that converting a fine into imprisonment for failure to pay the fine violates the Fourteenth Amendment equal protection clause under certain circumstances. Bearden v. Georgia, 461 U.S. 660, 668-69, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983). If the only reason that fines are unpaid is the indigency of the defendant despite bona fide best efforts to meet the obligation, unequal treatment occurs. Id. Bradford relies upon Bearden to argue that his probation revocation for failure to pay the fines, fees and restitution was constitutionally impermissible. However, Bearden did not establish a per se rule that probation can not be revoked for failure to pay fines. Protection is given to a person who has “made sufficient bona fide efforts to pay his fine and restitution .. Id. at 670, 103 S.Ct. 2064. If the court finds the probationer failed to pay either through neglect or willful disobedience, revocation of probation does not violate the Fourteenth Amendment. Id. at 672, 103 S.Ct. 2064.
¶ 11. Bradford states in two separate sections of his brief that he had the ability to pay the fines and costs but did not do so due to faulty advice by his probation officer. Bradford was afforded the opportunity to explain his failure at the revocation hearing. Having admitted to the financial ability to pay, Bradford cannot now claim the protections afforded by Bearden. The claim of an equal protection violation is without merit.
¶ 12. THE JUDGMENT OF THE HANCOCK COUNTY CIRCUIT COURT DISMISSING THE PETITION FOR POST CONVICTION RELIEF IS AFFIRMED. THE COSTS OF THIS APPEAL ARE ASSESSED TO HANCOCK COUNTY.
McMILLIN, C.J., KING, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER and BRANTLEY, JJ„ CONCUR.