¶ 1. Curtis Rodriguez[1] a/k/a Curtis Herold petitioned the Attala County Circuit Court for post-conviction relief. The circuit court denied his petition. Rodriguez appealed to this Court, asserting three issues for our consideration:
 I. WHETHER RODRIGUEZ WAS DENIED DUE PROCESS BY OFFICIALS OF THE LEFLORE COUNTY RESTITUTION CENTER CONVICTING HIM OF RULE VIOLATION REPORTS WITHOUT GIVING HIM THE OPPORTUNITY TO BE HEARD OR TO DEFEND HIMSELF.
 II. WHETHER THERE WAS INSUFFICIENT EVIDENCE TO REVOKE RODRIGUEZ'S PROBATION. *Page 563 
 III. WHETHER RODRIGUEZ'S SENTENCE IS EXCESSIVE AND VIOLATES THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION.
 Statement of the Facts
¶ 2. The Attala County Circuit Court convicted Rodriguez of aggravated assault on March 19, 1996. He received a sentence of twelve years in the custody of the Mississippi Department of Corrections. The circuit court suspended eleven years of the sentence. On completion of the one-year imprisonment, Rodriguez was to serve five years of supervised probation. Additionally, the circuit court ordered Rodriguez to pay restitution of $12,000 and $236 in court costs.
¶ 3. Rodriguez served the one year uneventfully, but had problems with the probation. On May 29, 1997, Rodriguez's probation officer filed an affidavit alleging that Rodriguez had violated several terms and conditions of his probation. The circuit court had a hearing and entered an order modifying probation, which was filed on June 23. The order placed Rodriguez in the custody of the Hinds County Restitution Center, where he was to remain until he had paid the amount owed.
¶ 4. On June 12, 1998, Rodriguez's probation officer filed another affidavit, stating that Rodriguez had violated several rules and regulations of the restitution center. This was a violation of his modified probation. The circuit court held a hearing that resulted in the circuit court transferring Rodriguez from the Hinds County Restitution Center to the Leflore County Restitution Center.
¶ 5. The change of locale did not affect Rodriguez's unwillingness to follow rules. The director of the Leflore County Restitution Center filed an affidavit on May 11, 1999, charging Rodriguez with violation of several rules. The circuit court held another hearing, and decided to revoke Rodriguez's probation. He was ordered to serve eleven years in the custody of the MDOC with credit for time served at the restitution centers.
 Legal Analysis I. WHETHER RODRIGUEZ WAS DENIED DUE PROCESS BY OFFICIALS OF THE LEFLORE COUNTY RESTITUTION CENTER CONVICTING HIM OF RULE VIOLATION REPORTS WITHOUT GIVING HIM THE OPPORTUNITY TO BE HEARD OR TO DEFEND HIMSELF.
¶ 6. We note first that we do not agree with the trial judge that Rodriguez must have gone through the administrative remedies set forth in Miss. Code Ann. § 47-5-803(2) (Rev. 2000). There is nothing an administrative panel can do to remedy such a grievance. Only a court has the power to continue or revoke probation. Miss. Code Ann. §§ 47-7-33,47-7-37 (Rev. 2000). Additionally, by specifically listing unlawfully revoking parole as a ground for post-conviction relief, Miss. Code Ann. § 99-39-5 would seem to except such a complaint from the procedures described in § 47-5-803.
¶ 7. No matter what procedure was used to reach this Court, the evidence does not support Rodriguez's claim of denial of due process. On both February 8, 1999, and April 27, 1999, he received a form entitled "NOTIFICATION OF PRELIMINARY PROBATION REVOCATION HEARING." This form listed the date, time, and place of the hearing. It informed Rodriguez that he would "be allowed to be present, speak, present evidence, and cross-examine any witnesses against [him]." Further, he was advised he had the right to retain a lawyer for the hearing. The notification also informed *Page 564 
him of the charges he faced. Rodriguez signed this form in the presence of a witness. Under questioning by the circuit court, Rodriguez admitted MDOC held this hearing.
¶ 8. In light of the evidence, we do not see any merit in Rodriguez's claim. See Riely v. State, 562 So.2d 1206 (Miss. 1990) (resident of the Attala County Restitution Center was not denied due process when he had notice of hearing, right to be present, right to present evidence, and right to cross-examine witnesses).
 II. WHETHER THERE WAS INSUFFICIENT EVIDENCE TO REVOKE RODRIGUEZ'S PROBATION
¶ 9. Again, the record does not support this issue. One condition of his probation was that Rodriguez would complete service at the Hinds County Restitution Center. He was transferred from this center because of several rules violations. He was twice transferred from the Leflore County Restitution Center for failing to follow rules.[2] Considering just the violations at the Leflore County center, Rodriguez violated the following rules:
 June 31, 1998: Terminated from employment
 September 24, 1998: Tested positive for marijuana
 October 7, 1998: Used abusive language to center staff
 October 7, 1998: Disobeyed staff
 January 2, 1999: Fought with another resident
 March 19, 1998: Threatened staff member
 April 5, 1999: Disobeyed staff
 April 5, 1999: Refused to work
 April 14, 1999: Disrespectful to staff
 April 14, 1999: Used abusive language
 April 14, 1999: Disciplinary action on job
¶ 10. Given the leniency the circuit court showed Rodriguez and the constant rule violations, there existed adequate evidence to revoke his probation.
 III. WHETHER RODRIGUEZ'S SENTENCE IS EXCESSIVE AND VIOLATES THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION.
¶ 11. Rodriguez claims that he is now serving a longer sentence than his original twelve year sentence, and as such, the sentence is excessive, cruel, and unusual punishment. The Mississippi Supreme Court has held that a reviewing court will uphold a sentence if it falls within the statutory limits. "`Where a sentence does not exceed statutory limits, it does not constitute cruel and inhuman treatment.'" Nichols v.State, 826 So.2d 1288, 1292 (¶ 17) (Miss. 2002) (quoting Jackson v.State, 740 So.2d 832, 835 (¶ 13) (Miss. 1999)) (quoting Sanders v.State, 678 So.2d 663, 669 (Miss. 1996)). However, when a comparison threshold of the crime committed to the sentence imposed leads to an inference of gross disproportionality, a three-pronged analysis is used to see if the sentence is out of proportion with the crime. Solem v.Helm, 463 U.S. 277, 292 (1983); Smallwood v. Johnson, 73 F.3d 1343, 1347 (1996) (citing Harmelin v. Michigan, 501 U.S. 957, 1005 (1991)).
¶ 12. In the case before us, Rodriguez was convicted of aggravated assault. He could have faced a maximum sentence of twenty years in the custody of MDOC. Miss. Code Ann. § 97-3-7 (2) (Supp. 2002). Instead, Rodriguez was sentenced to twelve years, with eleven suspended and *Page 565 
five years of probation. In other words, Rodriguez had to serve only one year in prison, and then have limited freedom for five more years while working to pay restitution. This Court cannot say that this sentence was disproportionate to the crime of aggravated assault.
¶ 13. We should also note that Rodriguez argues his sentence is actually seventeen years (twelve years' imprisonment plus five years' probation). To this, we would first respond that this is incorrect since probation is not considered part of the sentence. Miss. Code Ann. §47-7-37 (Rev. 2000) ("no part of the time that one is on probation shall be considered as any part of the time that he shall be sentenced to serve"). Secondly, after a probationer has violated terms of his probation, a court "may continue or revoke all or any part of the probation . . . and may . . . impose any part of the sentence which might have been imposed at the time of conviction." Id. The circuit court merely reinstated the eleven years of Rodriguez's sentence which it had previously suspended.
 Conclusion
¶ 14. None of the issues raised by Rodriguez are found to have any merit. Therefore, we affirm the circuit court's decision.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF ATTALA COUNTY DENYINGPOST-CONVICTION RELIEF IS AFFIRMED. COSTS OF THE APPEAL ARE ASSESSED TOATTALA COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P. JJ., BRIDGES, THOMAS, LEE,IRVING, CHANDLER AND GRIFFIS, JJ., CONCUR.
[1] The appellant's name is spelled throughout the record as "Rodriguiz." However, in his brief, the appellant spells his name as "Rodriguez." We will defer to the appellant on the spelling of his name.
[2] Rodriguez was readmitted to the center after the first transfer since the center (admittedly) denied him due process in that decision.