919 So.2d 987 (2005)
Boston George GRACE, Appellant
v.
STATE of Mississippi, Appellee.
No. 2004-CP-01292-COA.
Court of Appeals of Mississippi.
June 28, 2005.
Boston George Grace, Appellant, pro se.
Office of the Attorney General by Billy L. Gore, attorney for appellee.
Before BRIDGES, P.J., CHANDLER and ISHEE, JJ.
BRIDGES, P.J., for the Court.
¶ 1. In October of 2002, Boston George Grace failed to meet with his supervising officer, thereby violating the terms of his probation. The Circuit Court of Harrison County subsequently revoked his probation and sentenced him to serve a term of four years in the custody of the Mississippi Department of Corrections. Following the revocation and sentencing, Grace's counsel filed a motion to reconsider, but the motion was denied. Grace then filed with the court a petition for post-conviction relief. The petition was denied, so Grace has appealed to this Court and raises the following two issues:
I. WAS THE CIRCUIT COURT'S REVOCATION OF GRACE'S PROBATION UNLAWFUL, THEREBY SUBJECTING HIM TO AN ILLEGAL SENTENCE?
II. WAS GRACE PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL AT THE HEARING ON HIS MOTION TO RECONSIDER?
*988 ¶ 2. Finding both issues without merit, we affirm.

FACTS AND PROCEDURAL HISTORY
¶ 3. On February 18, 2002, Grace pleaded guilty in the Circuit Court of Harrison County to possession of a controlled substance. The court accepted the recommendation of the State and sentenced him to serve a term of eight years, with seven suspended, in the custody of the MDOC followed by three years of post-release supervision. The court further specified in the sentencing and probation order that the suspended portion of said sentence is based upon, inter alia, the following conditions: (a) that Grace report to his supervising officer as directed; (b) that Grace pay to the MDOC thirty dollars per month until discharged from supervision; and (c) that Grace pay court costs and a $1,000 fine.
¶ 4. On August 31, 2002, Grace was released from the custody of the MDOC and placed under earned-release supervision, and the MDOC officer to whom he was assigned to report was Officer Mark Brooks. Grace was scheduled to remain under earned-release supervision only until October 8, 2002, at which time he was to be discharged to post-release supervision. Once discharged to post-release supervision, Officer Brooks would cease to be Grace's supervising officer, so on October 1, Officer Brooks contacted Grace and instructed him to report the following day to his new probation officer, Jimmy Shows. Grace, however, failed to do so.
¶ 5. On October 18, 2002, Officer Shows left a message at Grace's home instructing Grace to report to his office. Grace was never seen nor heard from, so on November 6, Officer Shows filed with the Circuit Court of Harrison County a petition to revoke Grace's probation. Grace was subsequently arrested on July 13, 2003, at which time Officer Shows filed with the court an amended petition stating that Grace failed to report as required to his probation officer from October 2002 through June 2003, and that Grace also failed to pay any portion of his ordered payments. Grace waived his right to a preliminary probation revocation hearing, and at the full hearing on December 8, 2003, he admitted to violating his probation. The court then ordered that his probation be revoked and amended the original eight year term by reducing Grace's sentence to four years in the custody of the MDOC. Shortly thereafter, Grace's attorney filed a motion to reconsider said sentence, but the motion was denied.
¶ 6. On February 25, 2004, Grace filed a petition for post-conviction relief with the Circuit Court of Harrison County. The petition was denied, and Grace now presents to this Court his challenge to said denial.

LAW AND ANALYSIS

I. JURISDICTION TO REVOKE PROBATION
¶ 7. Grace maintains that his probation was unlawfully revoked and that, as a result, he is serving an illegal sentence. In particular, he claims that, by failing to report to Officer Shows on October 2, he violated the terms of his earned-release, and not post-release, supervision and that matters concerning earned-release supervision fall solely under the jurisdiction of the MDOC. He, therefore, concludes that the sentence imposed by the Circuit Court of Harrison County following the December 8 hearing was illegal because the circuit court had no jurisdictional authority to preside over a hearing that involved the revocation of earned-release supervision.
*989 ¶ 8. We, however, find this argument unpersuasive. The authority to revoke probation is vested only in the courts, under Miss.Code Ann. § 47-7-37 (Rev. 2004). Rodriguez v. State, 839 So.2d 561, 563(¶ 6) (Miss.Ct.App.2003). Accordingly, probationers remain under the jurisdiction of the courts until the entire term for which they were sentenced has expired, including any and all portions ordered suspended. Brown v. State, 872 So.2d 96, 99(¶ 13) (Miss.Ct.App.2004). The Harrison County Circuit Court sentenced Grace, in February of 2002, to serve eight years in the custody of the MDOC with seven years suspended; therefore, Grace would have remained under that court's jurisdiction for the entire eight year sentence. Regardless of whether he was under earned-or post-release supervision at the time he initially violated probation, Grace admitted to violating his probation in the months that followed, and when he appeared before the Harrison County Circuit Court at his probation revocation hearing in December of 2003, he had not been released from its jurisdiction. Accordingly, the court properly exercised jurisdiction over Grace in revoking his probation, so the reduced sentence that he now serves is unquestionably legal.

II. INEFFECTIVE ASSISTANCE OF COUNSEL
¶ 9. In his second issue, Grace argues that he received ineffective assistance of counsel at the hearing on his motion for reconsideration because his attorney failed to advance the jurisdictional argument discussed above. In Leatherwood v. State, the Mississippi Supreme Court stated that "[t]he burden of proving ineffective assistance of counsel is on the defendant to show that the counsel's performance was (1) deficient, and that (2) the deficient performance prejudiced the defense. If the defendant fails to prove either component then reversal of a conviction or sentence is not warranted." Leatherwood v. State, 473 So.2d 964, 968 (Miss.1985) (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).
¶ 10. In the absence of a valid claim as to lack of jurisdiction, we cannot possibly hold that the performance of Grace's attorney was deficient, and without such deficiency, Grace's defense clearly suffered no prejudice. Accordingly, Grace's argument as to this issue is also without merit.
¶ 11. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
KING, C.J., LEE, P.J., IRVING, MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.