LEE, P.J.,
for the Court.
FACTS AND PROCEDURAL HISTORY
¶ 1. On February 19, 2003, Terry Edwards pled guilty in the Lowndes County Circuit Court to felony DUI, third offense. Edwards was sentenced to five years, with two years to serve in the custody of the Mississippi Department of Corrections and three years on post-release supervision. Edward states that he was released from the MDOC on May 17, 2004, and placed under earned release supervision. On June 16, 2004, Edwards was arrested for aggravated assault and, on August 10, 2004, was indicted for the same crime.
¶ 2. The record contains a discharge certificate stating that, on August 24, 2004, Edwards completed his two-year sentence and would then begin the suspended portion of his sentence.
¶3. On November 19, 2004, Edwards pled guilty to aggravated assault and was sentenced to serve seven years in the custody of the MDOC with five years of post-release supervision. That, same day, after a revocation hearing, Edwards’s three years of post-release supervision from the DUI conviction was revoked. The trial court ordered Edwards to serve those three years consecutively to the aggravated assault sentence.
¶4. Edwards filed a motion for post-conviction relief on June 28, 2005, claiming that his post-release supervision was unlawfully revoked because he had been on earned release supervision. On August 19, 2005, the trial court denied Edwards’s motion. Edward now appeals to this Court asserting the following issues which we cite verbatim:
I.Did the Honorable Judge Lee Howard lack jurisdiction at the time of the revocation hearing?
II. Did the Judge abuse his discretion by revocating [sic] post-release supervision?
III. Was Appellant denied his constitutional right by due process of law?
IV. Was the Appellant denied the right to a fair and impartial revocation hearing?
V. Did the Honorable Judge Kitchens abuse his discretion to deny post-conviction?
¶ 5. As all of Edwards’s issues relate to whether his post-release supervision was unlawfully revoked, we will frame his issues as one.
STANDARD OF REVIEW
¶ 6. A trial court’s denial of post-conviction relief will not be reversed absent a finding that the trial court’s decision was clearly erroneous. Smith v. State, 806 So.2d 1148, 1150(¶ 3) (Miss.Ct.App.2002). However, when issues of law are raised the proper standard of review is de novo. Brown v. State, 781 So.2d 595, 598(¶ 6) (Miss.1999).
DISCUSSION
I. WAS EDWARDS’S POST-RELEASE SUPERVISION UNLAWFULLY REVOKED?
¶ 7. Edwards’s main argument is that the trial court could not revoke his post-release supervision because he was on earned release supervision at the time he committed the aggravated assault. As a result, Edwards asks this Court to terminate the sentence of three years.
¶ 8. A similar situation occurred in Grace v. State, 919 So.2d 987 (Miss.Ct.App. 2005), wherein Grace argued that matters pertaining to earned release supervision fall under MDOC’s supervision and not the trial court. Recognizing that, pursuant to Mississippi Code Annotated Section 47-7- *824 37 (Supp.2006), only the court has the authority to revoke probation, this Court stated that “probationers remain under the jurisdiction of the courts until the entire term for which they were sentenced has expired, including any and all portions ordered suspended.” Grace, 919 So.2d at 989(¶ 8). We found that it was immaterial as to whether Grace was under earned release supervision or post-release supervision at the time he violated the terms of his probation. Id. Accordingly, the trial court in the case sub judice properly exercised jurisdiction over Edwards in revoking his post-release supervision. Edwards’s post-release supervision was not unlawfully revoked.
¶ 9. In regards to Edwards’s claim that he was denied due process of law, he fails to articulate a substantive reason in support of this argument. Likewise, Edwards’s claim that he was denied a fair and impartial revocation hearing suffers from the same defect.
¶10. THE JUDGMENT OF THE LOWNDES COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.
MYERS, P.J., CHANDLER AND ISHEE, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY. ROBERTS, J., DISSENTS WITH A SEPARATE WRITTEN OPINION JOINED BY GRIFFIS AND BARNES, JJ. KING, C.J., AND CARLTON, J., NOT PARTICIPATING.