952 So.2d 1040 (2007)
Decarlos Lovern GRAHAM, Appellant
v.
STATE of Mississippi, Appellee.
No. 2005-CA-02367-COA.
Court of Appeals of Mississippi.
March 27, 2007.
*1041 Alvin Chase, attorney for appellant.
Office of the Attorney General, by Jeffrey A. Klingfuss, attorney for appellee.
Before LEE, P.J., GRIFFIS and ROBERTS, JJ.
LEE, P.J., for the Court.

FACTS AND PROCEDURAL HISTORY
¶ 1. On August 16, 2002, Decarlos Graham pled guilty in the Harrison County Circuit Court to armed robbery and was sentenced to twenty years suspended and placed on three years post-release supervision. At the time, three other charges, including murder, armed robbery and robbery, were passed to the file. On March 5, 2003, Graham was arrested for possession of cocaine with intent to deliver. A petition to revoke Graham's probation was filed two days later. Graham waived his right to a preliminary probation revocation hearing.
¶ 2. During the revocation hearing on April 14, 2003, Graham stated that his mother was supposed to be hiring an attorney to represent him. The trial judge paused the hearing to contact the attorney Graham named but the attorney advised the court that no one had contacted her to represent Graham. The trial judge then went forward with the hearing. A narcotics officer testified that, while watching a drug sale, he witnessed Graham throw a plastic baggy full of an off-white rock substance to the ground. Graham had been leaning into a car window and attempted to run when the policemen identified themselves. The substance was field tested and the result was positive for cocaine. The narcotics officer recognized Graham, who was wearing a red t-shirt with "Harrison County Jail Inmate" on it. Another eyewitness, who was in the abovementioned car, gave a statement to the police stating that Graham participated in the cocaine sale. The trial judge found that Graham had violated his probation conditions and ordered him to serve his sentence in the custody of the Mississippi Department of Corrections.
*1042 ¶ 3. On August 15, 2005, Graham filed a motion for post-conviction relief. The trial court denied Graham's motion for relief, finding that there was sufficient evidence to conclude that Graham had committed the offense. Graham now appeals to this Court, asserting the following issue which we cite verbatim:
Whether the circuit judge erred in denying Graham's motion for post-conviction relief without reviewing the transcript of the revocation hearing or conducting a new hearing since the judge acting on the petition for post-conviction relief was a different judge than the one who heard the evidence at the revocation hearing and there was new evidence available at the time of the petition for post-conviction relief that was not available at the revocation hearing.

STANDARD OF REVIEW
¶ 4. A trial court's denial of post-conviction relief will not be reversed absent a finding that the trial court's decision was clearly erroneous. Smith v. State, 806 So.2d 1148, 1150 (¶ 3) (Miss.Ct.App. 2002). However, when issues of law are raised the proper standard of review is de novo. Brown v. State, 731 So.2d 595, 598 (¶ 6) (Miss. 1999).

DISCUSSION
¶ 5. Although Graham's statement of his sole issue on appeal claims error by the trial judge in failing to conduct a hearing on the matter because there was new evidence available, his argument mainly discusses whether he was entitled to have an attorney present during the revocation hearing. It is well settled that a defendant has no automatic right to counsel at probation revocation hearings. Baldwin v. State, 891 So.2d 274, 277 (¶ 12) (Miss.Ct.App. 2004). A probationer has the right to appointed counsel at a revocation hearing when the issues are complex or otherwise difficult to develop. Riely v. State, 562 So.2d 1206, 1209 (Miss. 1990). In this case, the issues were neither complex nor difficult to develop.
¶ 6. Graham also states that having an attorney present would have uncovered the reason why the grand jury did not indict him on the possession with intent to deliver charge. However, "it is not necessary that a defendant be convicted of crimes charged to suffer revocation of his probation." McClinton v. State, 799 So.2d 123, 128 (¶ 9) (Miss.Ct.App. 2001). Probation may be revoked upon a showing that a defendant "more likely than not" violated the terms of probation. Id. The evidence as stated supra showed that Graham more likely than not violated his probation. The narcotics officer witnessed the drug sale, saw Graham drop the plastic baggy which field tested positive for cocaine, and a passenger in the car gave a statement to the officer identifying Graham as the person involved in the drug sale. The trial judge found sufficient evidence to conclude that Graham did in fact commit the offense. The trial judge also found that "[s]ubsequent action or inaction by the Grand Jury does not bar the revocation proceeding, nor does it supercede the Court's ruling." We can find no error on the part of the trial judge in ruling so.
¶ 7. Graham would have this Court order trial judges, who did not preside over the initial revocation hearing, to grant evidentiary hearings every time they receive motions for post-conviction relief which raise issues concerning the revocation hearing. We decline to do so.
¶ 8. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
*1043 KING, C.J., MYERS, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.