CARLTON, J.,
for the Court:
¶ 1. Luttreal Allen appeals the denial of his request for post-conviction relief by the Washington County Circuit Court. On May 23, 2005, the circuit court sentenced Allen to three-years of post-release supervision for possession of marijuana with intent to distribute.[1] In April 2008, the circuit court extended that post-release supervision, which was previously imposed in May 2005, by an additional year because Allen had failed to comply with the eondi-tions of that supervision. If Allen would have complied with the post-release-supervision conditions, the extended post-release-supervision period would have expired on May 23, 2009.
¶2. However, on July 1, 2008, law enforcement arrested Allen for possession of cocaine. On June 8, 2009, the circuit court held that Allen had violated the conditions of his post-release supervision, which had been imposed in May 2005, because of his cocaine arrest and his failure to report and pay fees. The circuit court then revoked the 2005 post-release supervision and ordered Allen to serve three years in the custody of the Mississippi Department of Corrections (MDOC). Allen filed a motion to vacate the revocation order, which the circuit court denied.
¶ 3. Upon review of the circuit court’s denial of Allen’s motion for post-conviction relief, we acknowledge that Mississippi Code Annotated section 47-7-34 (Rev. 2004) prohibits an individual from receiving a sentence of post-release supervision that exceeds the maximum penalty allowed for the crime. Thus, we find the circuit court lacked jurisdiction to extend Allen’s term of post-release supervision beyond the three-year maximum authorized by statute for his offense. Accordingly, the circuit court lacked the authority to revoke Allen’s sentence of post-release supervision during the fourth unauthorized year of post-release supervision. Therefore, we reverse the revocation of Allen’s post-release supervision, and we set forth below a more detailed recitation of the facts and analysis addressing the issues in this case.
FACTS
¶ 4. On May 23, 2005, Allen entered a guilty plea to one count of “possession of *452 marijuana with intent less than 1 oz.” in the Washington County Circuit Court. Allen received a three-year sentence, with all three years suspended with three years to serve on post-release supervision. Section 41 — 29—139(b)(8) authorizes a maximum sentence of three years for possession of less than 30 grams of marijuana with intent to sell. On April 22, 2008, the circuit court extended Allen’s three-year post-release-supervision period for one year, until May 23, 2009, due to Allen’s failure to comply with the conditions of his supervision. Specifically, the circuit court cited Allen’s failure to pay court-ordered assessments and supervision fees as the reasons for the extension of post-release supervision.
¶ 5. The record reflects that on July 1, 2008, during his fourth year of post-release supervision, Allen was arrested for possession of cocaine, a new offense, and he pled guilty to the new offense on June 3, 2009. For the new offense, Allen received a four-year sentence, with two years suspended.[2] With respect to his post-release supervision for his earlier offense in May 2005, the circuit court issued a warrant in February 2009 for Allen’s arrest for failing to obey laws, based on his arrest for cocaine possession; absconding the supervision of the MDOC; failing to pay supervision fees; and failing to pay court-ordered fees and assessments. According to the order revoking Allen’s post-release supervision, Allen failed to report to MDOC officials for more than one-hundred-and-twenty days, and he failed to provide the MDOC with his current address.
¶ 6. On June 8, 2009, after a revocation hearing pertaining to the post-release supervision imposed in May 2005, the circuit court found that Allen had violated the post-release supervision initially imposed in May 2005, which the circuit court had previously extended for a fourth year with an expiration date of November 2009. The circuit court then revoked the post-release supervision, ordering Allen to serve a term of three years in the custody of the MDOC, with the term to run consecutively to Allen’s sentence for possession of cocaine. On November 17, 2009, Allen filed a motion to vacate the revocation order, which the circuit court subsequently denied. Allen now appeals, arguing that the circuit court improperly extended his post-release supervision. Allen also asserts that he completed his sentence of post-release supervision prior to his arrest for possession of cocaine; therefore, the circuit court lacked jurisdiction to revoke the completed supervision sentence.
STANDARD OF REVIEW
¶ 7. This Court applies an abuse-of-discretion standard of review for the denial of post-conviction relief. Brown v. State, 872 So.2d 96, 98 (¶ 8) (Miss.Ct.App.2004). In addition, we note that “[t]he findings of the trial court must be clearly erroneous in order to overturn a lower court’s denial of a post-conviction relief motion.” Id. at 98-99 (¶ 8).
DISCUSSION
¶8. Allen argues that the circuit court revoked his post-release supervision after the expiration of his three-year term for his post-release-supervision sentence. He also argues that the circuit court lacked the statutory authority to modify or alter the terms of his post-release supervision. Allen claims that the statutory au *453 thority granted for post-release supervision differs from that granted for imposing probation on a felon and that the circuit court applied the wrong statutory guidance when extending his post-release supervision.
¶ 9. Under Mississippi Code Annotated section 47-7-34, the circuit court may not impose a sentence of post-release supervision for a term greater than the maximum sentence allowed for the crime. Allen pled guilty to possession of less than thirty grams of marijuana with intent to distribute, in violation of Mississippi Code Annotated section 41 — 29—139(b) (3). Possession of marijuana under section 41 — 29—139(b)(3) carries a maximum sentence of three years’ imprisonment and a maximum fíne of $3,000. The circuit court, therefore, lacked the authority to extend Allen’s post-release supervision for an additional fourth year because the additional year caused Allen’s sentence to exceed the maximum three-year sentence allowed by law. Johnson v. State, 925 So.2d 86, 101 (¶ 27) (Miss.2006).
¶ 10. Because the circuit court lacked jurisdiction to extend Allen’s sentence of post-release supervision to a term beyond the maximum sentence authorized by law for the crime, Allen’s post-release supervision expired in May 2008, prior to the circuit court’s revocation of his suspended sentence in June 2009.[3] Therefore, we find the circuit court lacked authority for the revocation of Allen’s post-release supervision, and the court erred in denying Allen’s motion for post-conviction relief. We reverse the denial of Allen’s motion for post-conviction relief and set aside the revocation of his post-release supervision. We note that this opinion applies to only Allen’s conviction and sentence imposed in May 2005 for possession of marijuana with intent to sell styled as Washington County Circuit Court cause number 2005-026, the revocation of which constitutes the heart of this review.
1Í11. THE JUDGMENT OF THE WASHINGTON COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS REVERSED AND RENDERED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WASHINGTON COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., GRIFFIS, BARNES, ISHEE, ROBERTS AND MAXWELL, JJ., CONCUR. IRVING, J., DISSENTS WITH SEPARATE WRITTEN OPINION.

. Allen pled guilty to possession of marijuana with intent to distribute under Mississippi Code Annotated section 41-29-139(b)(3) (Rev. 2009), which carries a maximum penalty of three years’ imprisonment or a maximum fine of $3,000, or both.

. The order from the Washington County Circuit Court sentencing Allen to four years in the custody of the MDOC for possession of cocaine, with two years suspended, did not appear from the record. These facts are based on statements found in the parties’ briefs.

. Allen's post-release supervision also expired before the warrant was issued for violating the terms of his May 2005 post-release-supervision sentence. The post-release supervision expired in May 2008.