CARLTON, J.,
dissenting:
¶29. I respectfully dissent from the majority’s opinion. I would affirm the circuit court’s decision in this case. The original sentencing order required Sobrado to attend the restitution center to complete restitution as a term and condition prior to receiving his suspended sentence and post-release supervision (PRS). See Miss.Code Ann. § 47-7-34 (Rev.2011) (defendant shall abide by the terms and conditions as the court may establish). Under Mississippi Code Annotated section 47-7-37 (Rev.2011), the sentencing judge possessed the authority and discretion to revoke So-brado’s suspended sentence and PRS for his violation of a condition or term of his suspended sentence and PRS.[8] The record shows Sobrado quit the restitution center by signing himself out after being told that he failed to complete his service and pay his restitution.
¶ 30. Sentencing judges certainly possess the statutory authority to establish the period of supervision, as well as the terms and conditions of supervision. Miss. Code Ann. §§ 47-7-34(2); 47-7-35 (Rev. 2011). Section 47-7-34(2) also provides as follows:
The period of post-release supervision shall be conducted in the same manner as a like period of supervised probation, including a requirement that the defendant shall abide by any terms and conditions as the court may establish. Failure to successfully abide by the terms and conditions shall be grounds to terminate the period of post-release supervision and to recommit the defendant to the correctional facility from which he was previously released.[9]
See also Grace v. State, 919 So.2d 987, 989 (¶ 8) (Miss.Ct.App.2005); Rodriguez v. State, 839 So.2d 561, 564 (¶ ¶ 9-10) (Miss.Ct.App.2003). Sobrado’s violation herein *1123 extends beyond a mere violation of an administrative rule imposed by the MDOC upon defendants when incarcerated, and instead extends to an expressed condition of his suspended sentence. See Miss.Code Ann. §§ 47-5-801 to -807 (Rev.2011) (MDOC administrative remedies procedures); Siggers v. Epps, 962 So.2d 78, 80 (¶ 6) (Miss.Ct.App.2007) (Administrative-remedies procedures apply to inmate grievances for adverse MDOC rule-violation reports.).
¶ 31. With respect to our standard of review of the trial court’s denial of Sobra-do’s PCR motion, precedent establishes that the circuit court may summarily dismiss a PCR motion “[i]f it plainly appears from the face of the motion, any annexed exhibits[,] and the prior proceedings in the case that the movant is not entitled to any relief[.]” Miss.Code Ann. § 99-39-11(2) (Supp.2013). “When reviewing a [trial] court’s decision to deny a [PCR motion,] this Court will not disturb the trial court’s factual findings unless they are found to be clearly erroneous.” Presley v. State, 48 So.3d 526, 528 (¶ 10) (Miss.2010). However, we review questions of law utilizing a de novo standard of review. Id.
¶ 32. Application of the standard of review to this case requires that we affirm the trial court’s denial of Sobrado’s PCR motion. As previously acknowledged, the sentencing trial court clearly possessed the statutory authority to establish terms and conditions for Sobrado’s receipt of his suspended sentence and PRS. The trial court also possessed the authority to require Sobrado to attend the restitution center and complete restitution as such a cóndition to the suspension of his sentence and PRS. In an analogous case, Rodriguez, 839 So.2d at 564 (¶ ¶ 9-10), this Court recognized that the completion of service at a county restitution center constituted a valid condition of probation or suspended sentence. More specifically, this Court acknowledged that completion of services at the Hinds County Restitution Center was one of the conditions the trial court imposed as a condition of defendant Rodriguez’s suspended sentence. Id. at (¶ 9). Rodriguez, however, failed to satisfy the required restitution and was transferred from both the Hinds County Restitution Center and the Leflore County Restitution Center.[10] Upon revocation of his suspended sentence, the trial court ordered Rodriguez into the custody of the Hinds County Restitution Center, where he was to remain until he completed the service at the court-ordered restitution center. Id. at 563 (¶ 3). Upon appellate review, this Court recognized the court-ordered restitution as a valid condition of Rodriguez’s suspended sentence. Id. at 564 (¶ ¶ 9-10). This Court also found that the trial court possessed sufficient evidence supporting revocation of Rodriguez’s sentence, since the record reflected that Rodriguez failed to complete his service and restitution at the county restitution center. Id.
¶ 33. Similarly, in the instant case, the record contains sufficient evidence supporting the factual findings of the trial court that Sobrado failed to satisfy the terms and conditions of the original sentencing order requiring that he complete service at a restitution center to satisfy restitution.[11] The record further reflects *1124 that Sobrado was not denied due process in his revocation proceedings. Clearly, the record reflects that Sobrado is entitled to no relief.[12]
¶ 34. The majority withdraws its original opinion and issues this new majority to extend the decision to overrule Edwards v. State, 946 So.2d 822 (Miss.Ct.App.2007). However, in so doing, the majority overlooks the long line of precedent that Edwards relied upon that recognizes the sentencing trial judge’s authority to revoke a suspended sentence for violations of the terms and conditions thereof, before expiration of the sentence.[13] The majority lacks a proper basis to withdraw the Court’s original opinion and issue a new, revised opinion to overrule past precedent, since no error of law or fact existed and no injustice existed in the Court’s original opinion warranting such withdrawal and issuance of a new opinion.[14]
¶ 35. The majority raises a question as to the validity of the failure to pay restitution as a basis for revocation of a suspended sentence. However, restitution has long been recognized as a valid condition of probation or a suspended sentence.[15] In the case of Bradford v. State, 832 So.2d 1288, 1290 (¶ 10) (Miss.Ct.App.2002), Judge Southwick, writing for the Court, relied upon Bearden v. Georgia, 461 U.S. 660, 668-69, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983), when explaining that if the court finds a probationer failed to pay restitution through neglect or design or willful disobedience, then revocation of the probationer’s probation does not violate the Fourteenth Amendment of the United States Constitution.[16] The record herein contains evidence of Sobrado’s willful refusal to complete restitution and service at the restitution center; accordingly, I submit that the record before us meets the standard articulated by Judge Southwick in Bradford.
¶ 36. Similarly, in Edwards, 946 So.2d at 823 (¶ 4), which the majority overrules, *1125 the defendant, Edtvards, pled guilty to felony DUI and was sentenced to five years, with two years to serve, in the custody of the MDOC and three years on PRS. He was released from MDOC custody on May 17, 2004, and then placed on ERS. Id. at 823 (¶ 1). On June 16, 2004, Edwards was arrested for aggravated assault and was thereafter indicted for the assault on August 10, 2004. Id. In that case, Edwards violated no internal rule of MDOC while incarcerated, but instead violated a term and condition of his probation, which was set forth in his original sentencing order, by committing the felony of aggravated assault while released on ERS. On review, this Court recognized the discretion and jurisdiction of the sentencing trial judge to revoke probation when the defendant violates the terms of the probation, even while on ERS. Id. at 823-24 (¶8).' Edwards’s indictment reflected a violation of the terms and conditions of his probation and suspended sentence while placed on ERS. Id. Additionally, Edwards’s ERS status did not prohibit the State from prosecuting him for the aggravated assault committed while he was on ERS, nor did it prohibit revocation of his probation. An application of the majority’s logic would have prevented the State from prosecuting Edwards since he committed a crime while on ERS.
¶ 37. The authority and discretion of a sentencing trial judge is undermined by the assertion that the trial court is powerless to revoke probation or a suspended sentence when a defendant commits a felony and thus violates the express conditions and terms of that probation or suspension.[17] In Edwards, Edwards was indicted for the felony of aggravated assault, which carried a maximum sentence of twenty years (even though Edwards was sentenced to serve only seven years in the custody of the MDOC, with five years of PRS). Id. at 823 (¶ 3). The sentence imposed for the DUI felony offense, however, had not yet expired. Id. Thus, the sentencing trial court possessed the authority to revoke Edwards’s probation for the felony he committed while on ERS. Id. at 824 (¶ 8). In other cases, this Court chose to adopt a reasonable interpretation of a trial judge’s inartfully worded sentencing order in order to determine the trial court’s intent to suspend a sentence of incarceration on the condition of successful completion of ISP.[18] See Johnson v. State, 77 So.3d 1152, 1157 (¶ 18) (Miss.Ct.App.2012).[19]
¶ 38. The opinion in Edwards cites to Grace, 919 So.2d at 989 (¶ 8), wherein this Court similarly found the trial court possessed jurisdiction until expiration of the entire term for which Grace was sentenced, “including any and all portions ordered suspended.” Edwards, 946 So.2d at 824 (¶ 8). This Court also found that the trial court could revoke probation for a violation of the probation terms committed while the defendant was on ERS or PRS. Grace, 919 So.2d at 989 (¶ 8). I would agree that MDOC lacks authority to revoke a sentence that was suspended by the *1126 sentencing trial court, and that the sentencing trial court lacks authority to revoke a sentence suspended by the trial court due to a violation of a mere internal MDOC rule that is not a valid specified condition or term of the suspended sentence.[20] However, the sentencing trial court, as in this case, certainly retains authority to revoke a suspended sentence and PRS for a violation of the conditions and terms required for such suspension as set forth in the original sentencing order.[21] Rodriguez, 839 So.2d at 563 (¶ 6). This Court reasoned in Grace that the authority to revoke probation is vested only in the courts under section 47-7-37, and accordingly, probationers remain under the jurisdiction of the courts until the entire term for which they were sentenced has expired, including any and all portions ordered suspended. Grace, 919 So.2d at 989 (¶ 8); see also Tunstall v. State, 767 So.2d 167, 169-71 (¶¶ 10-16) (Miss.1999) (acknowledging the validity of express preconditions).
¶ 39. Jurisprudence recognizes that sentencing trial courts may impose conditions and terms that extend beyond the minimum statutory terms and conditions. For example, Mississippi DUI Law & Practice, citing section 47-7-35, acknowledges:
[T]he courts referred to in [Mississippi Code Annotated] section[s] 47-7-33 [ (Rev.2011) ] or 47-7-34 shall determine the terms and conditions of probation or [PRS] and may alter or modify, at any time during the period of probation or [PRS], the. conditions and may include among the following or any other:
[[Image here]]
(a) Commit no offense against the laws of this or any other state ...;
(b) Avoid injurious or vicious habits;
(c) Avoid persons or places of disreputable or harmful character;
(d) Report to the probation and parole officer as directed;
(e) Permit the probation and parole officer to visit him at home or elsewhere;
(f) Work faithfully at suitable employment so far as possible;
(g) Remain within a specified area;
(h) Pay his fine in one (1) or several sums;
(i) Support his dependants;
(j) Submit, as provided in [Mississippi Code Annotated] [s]ection 47-5-601 [Rev.2011], to any type of breath, saliva[,] or urine chemical analysis test, the purpose of which is to detect the possible presence of alcohol or a substance prohibited or controlled by any law of the State of Mississippi or the United States[J
See Victor W. Carmody, Kevin T. Stewart & Lance 0. Mixon, Mississippi DUI Law & Practice § 21:8, at 789 (2012).
*1127 ¶ 40. In summary, the record contains sufficient evidence to support the trial court’s revocation of Sobrado’s suspended sentence and PRS for a violation of the conditions and terms set forth in the original sentencing order requiring that he complete his service at the restitution center and complete the payment of restitution. The trial court possessed authority to revoke Sobrado’s suspended sentence and PRS until expiration of his sentence for these violations of the terms and conditions of such suspension and PRS. As acknowledged, we will not disturb a trial court’s factual findings unless they are found to be clearly erroneous, and the record reflects substantial evidence supporting the trial court’s findings that So-brado failed to complete his service at the restitution center. Moreover, the record reflects no dispute that Sobrado quit his service at the restitution center after being informed that his service was not yet complete. Sobrado signed himself out of the restitution center after being duly informed that he had not yet completed his restitution requirements, and at that time he was released from ERS. He was then placed onto PRS and ordered to appear before the sentencing trial judge for his failure to complete his service at the restitution center, as required by the original sentencing order as a condition to the suspension of his sentence and of his PRS. The revocation hearing complied with statutory and due-process requirements, and the record reflects substantial evidence supporting the trial court’s revocation decision. The trial court acted within its authority, and the trial court’s findings are not erroneous.
¶ 41. Based on this reasoning, I dissent.

. See Rodriguez v. State, 839 So.2d 561, 564 (¶¶ 9-10) (Miss.Ct.App.2003).

. See also Lott v. State, 115 So.3d 903, 907-08 (¶ 13) (Miss.Ct.App.2013) (acknowledging court can require defendant to abide by terms and conditions of PRS).

. See Riely v. State, 562 So.2d 1206, 1211-12 (Miss.1990) (resident of the Attala County Restitution Center was not denied due process when he had notice of hearing, right to be heard, right to present evidence, and right to cross-examine witnesses).

. Revocation must be based upon a showing of evidence that more likely than not the defendant violated the terms and conditions of his suspended sentence or PRS. See Miss. Code Ann. § 47-7-37; Miss.Code Ann. § 47-7-34(2); see also Reese v. State, 21 So.3d 625, *1124 628 (¶ 11) (Miss.Ct.App.2008); Jones v. State, 976 So.2d 407, 413 (¶ 19) (Miss.Ct.App.2008) (appropriate standard for revocation of PRS is whether the circuit court believes it was more likely than not that the defendant violated the terms and conditions of his PRS).

. See Payton v. State, 845 So.2d 713, 719 (¶ 22) (Miss.Ct.App.2003) (cert.denied), (explaining minimum due process required in revocation proceedings). In the instant case, the requirement of restitution as a condition of the suspended sentence was articulated in the original sentencing order. Hence, no issue exists as to Sobrado receiving notice of the terms and conditions required for suspension of his sentence and PRS. See also Tunstall v. State, 767 So.2d 167, 169-71 (¶¶ 10-16) (Miss.1999) (acknowledging the validity of express preconditions).

. See Riely, 562 So.2d at 1211-12; Grace, 919 So.2d at 989 (¶ 8); Rodriguez, 839 So.2d at 564 (¶ ¶ 9-10).

. See Ryan v. Schad, - U.S. -, ---, 133 S.Ct. 2548, 2550-51, 186 L.Ed.2d 644 (2013); Bell v. Thompson, 545 U.S. 794, 804-07, 125 S.Ct. 2825, 162 L.Ed.2d 693 (2005). Neither party briefed Edwards v. State, and no error of law or fact or injustice exists in this case. The majority fails to show that any exceptional circumstance in the court's original opinion warranted review of this Court’s decision on its own motion. See also M.R.A.P. 41(a) (providing that the mandate of the Mississippi Court of Appeals shall issue twenty days after the latest of the following: the entry of judgment; the disposition of a timely motion for rehearing; or the dismissal of a petition for certiorari review in the Mississippi Supreme Court).

. See also Miss.Code Ann. § 9-7-201(8)(a) (Supp.2013) (Circuit Court Community Corrections Act allows sentencing offenders to restitution center as condition of suspended sentence or PRS); Miss.Code Ann. § 99-37-19 (Supp.2013) (restitution centers).

. For other cases wherein failure to pay restitution was included as a basis for revocation, see Lott, 115 So.3d 903; and Summerall v. State, 132 So.3d 613 (Miss.Ct.App.2013).

. See Johnson, 77 So.3d 1152, 1157 (¶ 18) (Miss.Ct.App.2012) (This Court chose a reasonable interpretation and determined that the ''intent” of the trial court's sentencing order was to suspend eight years of the defendant's sentence and make successful completion of ISP a condition of the defendant’s suspended sentence.).

. See Ivory v. State, 999 So.2d 420, 427 (¶ 17) (Miss.Ct.App.2008). In Ivory, the defendant was placed on ISP, and she used cocaine during that period. Id. at 423 (¶ 4). This Court concluded that based on the discretion afforded to sentencing judges, the circuit court retained jurisdiction over Ivory to resentence her by suspending the remaining fifteen years of her sentence and placing her on PRS. Id. at 429 (¶ 27).

.Judge Roberts authored the Court’s opinion.

. Section 47-5-803(2) provides the procedures for inmate grievances pertaining to MDOC rule violations. See also Siggers, 962 So.2d at 80 (¶ 6) (inmates aggrieved by adverse MDOC-rule-violation reports must pursue those grievances pursuant to the administrative review procedures); see Miss.Code Ann. §§ 47-5-801 to -807 (administrative procedures for inmates of MDOC to pursue administrative remedies for grievances against the State or MDOC). See generally Rodriguez, 839 So.2d at 563 (¶ 6) (discussing jurisdiction over revocation of a suspended sentence and PRS); Grace, 919 So.2d at 989 (¶ 8) (This Court acknowledged that the sentencing trial court retained jurisdiction over the defendant on probation for possession of a controlled substance for the entire period of the eight-year sentence, including when the defendant was on ERS or PRS, and thus the sentencing trial court possessed the authority to revoke probation when the defendant failed to report to his supervising officer.).

. Grace, 919 So.2d at 989 (¶ 8) (citing Rodriguez, 839 So.2d at 563 (¶ 6)) (Authority to revoke probation is vested only in the courts under section 47-7-37.).