IRVING, P.J.,
for the Court:
¶ 1. On October 4, 2010, the Stone County Circuit Court revoked Nathaniel Anthony Jackson Jr.’s suspended sentence based upon his commission of new crimes. On February 15, 2012, Jackson filed a motion to reinstate his suspended sentence. The circuit court construed Jackson’s motion as one requesting post-conviction relief (PCR) and denied the motion. Feeling aggrieved, Jackson appeals and argues that the circuit court erred in revoking his suspended sentence because the court did not have jurisdiction to conduct the revocation hearing and because the State did not meet its burden of proof at the revocation hearing.
¶ 2. Finding no error, we affirm.
FACTS
II3. On January 8, 2007, Jackson pleaded guilty to the transfer of a controlled substance. The circuit court sentenced Jackson to fifteen years in the custody of the Mississippi Department of Corrections (MDOC), with fifteen years suspended upon successful completion of the Regimented Inmate Discipline (RID) program, followed by three years of probation. Jackson successfully completed the RID program, and on October 11, 2007, the circuit court instituted Jackson’s promised sentence — fifteen years in the custody of MDOC, with fifteen years suspended and three years of probation, in addition to the payment of fines and fees.[1]
¶ 4. Jackson’s probation officer filed a petition to revoke Jackson’s probation on July 9, 2008. At a hearing held on July 28, 2008, the circuit court found that Jackson had violated the terms and conditions of his probation. Instead of revoking Jackson’s probation, the court ordered Jackson to complete drug and alcohol treatment at Live Oaks, which Jackson completed on September 29, 2008. The court re-instituted Jackson’s original sentence of fifteen years in the custody of MDOC, with fifteen years suspended and three years of probation.
¶ 5. Jackson’s probation officer filed a second petition to- revoke Jackson’s probation on July 27, 2010. The probation officer alleged that Jackson had violated the terms and conditions of his probation in the following manner:
CONDITION “A” — FAILURE TO OBEY THE LAW: To wit, Jackson was arrested on June 2nd, 2010[,] by the Stone/Wiggins Narcotics Task Force for Possession with Intent to Distribute Cocaine and Marijuana.
CONDITION “E” — FAILURE TO PAY SUPERVISION FEES AS DIRECTED: In that Jackson is in arrears $590.00 to the Department of Corrections for monthly supervision fees.
CONDITION “L” — FAILURE TO PAY COURT ORDERED ASSESSMENTS AS DIRECTED: To wit, Jackson has made none of the $100.00 minimum monthly payments to the [cjircuit [cjourt as directed. He owes a total of $3,489.50.
The circuit court held a hearing on the second petition to revoke Jackson’s probation on October 4, 2010. Jackson represented himself during the hearing. He admitted that he had been arrested on June 2, 2010, and charged with possession of cocaine and marijuana with the intent to distribute.
*218 ¶ 6. Lieutenant Roland Flowers, with the Stone Wiggins Narcotics Task Force, testified during the revocation hearing. Lieutenant Flowers stated that, on June 2, 2010, he and the task force were executing
a search warrant at 2308 East Fifth Avenue, an apartment complex in Wiggins, Mississippi. Upon arrival[,] I pulled my vehicle into the driveway where there was a white four[-]door Cadillac parked in front of the residence. As I exited my vehicle[,] Mr. Jackson was standing at the driver’s door of the Cadillac. When I exited my vehicle[,] he started walking away from the vehicle[,] and I detained him at the front bumper. I got his ID, identified him as Mr. Jackson. I told him why we were there; we were conducting a search warrant. As I was talking to Mr. Jackson, I turned around, looked on the ground by the driver’s door handle of the Cadillac. There was a bag of what is believed to be marijuana laying [sic] on the ground along with three one-dollar bills and a tin can. As I opened the tin can up, there [were] three pieces of what is believed to be crack cocaine inside the tin can. Mr. Jackson was the only person in the area of the vehicle when I drove up and he walked away.
¶ 7. Lieutenant Flowers testified that although there were other people outside of the house, Johnson was the only individual near the vehicle, and he was leaning against the vehicle’s driver-side door. During cross-examination, Lieutenant Flowers admitted that the alleged controlled substances were not found on Jackson’s person, but were found “in the exact spot where [Jackson’s] feet were ... at the driver’s side of that vehicle.” According to Lieutenant Flowers, the suspected controlled substances were taken to the Mississippi Crime Lab, but the task force had not received the official test results.
¶8. When given the opportunity to make a statement, Jackson told the court that the drugs did not belong to him, nor did he throw the drugs on the ground. He also stated that he did not sell or use drugs. He added that he “don’t [sic] be around drugs.” The court determined that, “[b]ased on the testimony of Investigator Flowers, ... a crime ha[d] been committed, and it [was] more than likely that [Jackson] committed that crime[.]” The court revoked Jackson’s probation and sentenced him to the original sentence of fifteen years in the custody of MDOC.
¶ 9. Additional facts, as necessary, will be related during our analysis and discussion of the issues.
ANALYSIS AND DISCUSSION OF THE ISSUES
¶ 10. Appellate courts review the circuit court’s denial of a PCR motion for an abuse of discretion. Allen v. State, 62 So.3d 450, 452 (¶ 7) (Miss.Ct.App.2011). As such, the “court’s denial ... will not be reversed absent a finding that the ... decision was clearly erroneous.” Edwards v. State, 946 So.2d 822, 823 (¶ 6) (Miss.Ct.App.2007) (citing Smith v. State, 806 So.2d 1148, 1150 (¶ 3) (Miss.Ct.App.2002)).

I. Jurisdiction

¶ 11. Jackson contends that the circuit court did not have jurisdiction to conduct the probation hearing or to revoke his probation. Jackson also argues that the circuit court violated his due-process rights by failing to appoint counsel to represent him at his probation-revocation hearing. Both of Jackson’s claims are without merit.
¶ 12. First, Mississippi Code Annotated section 47-7-37 (Rev.2011) states that
[t]he period of probation shall be fixed by the court, and may at any time be *219 extended or terminated by the court, or judge in vacation.... Thereupon, or upon an arrest by warrant as herein provided, the court, in termtime or vacation, shall cause the probationer to be brought before it and may continue or revoke all or any part of the probation or the suspension of sentence, and may cause the sentence imposed to be executed or may impose any part of the sentence which might have been imposed at the time of conviction.
Therefore, as the Stone County Circuit Court was the same court that initially sentenced Jackson to probation, the Stone County Circuit Court retained jurisdiction to revoke Jackson’s probation if he violated the terms and conditions of his probation.
¶ 18. Second, “[t]his Court has recognized that probationers do not necessarily have a right to counsel at probation[-]revocation hearings.” Staten v. State, 967 So.2d 678, 680 (117) (Miss.Ct.App.2007) (citing Riely v. State, 562 So.2d 1206, 1209 (Miss.1990)). “When the issues relevant to the hearing are complex or difficult to develop, the court should appoint counsel for the probationer.” Id. (citing Riely, 562 So.2d at 1209). The issues relevant to Jackson’s probation-revocation hearing were not complex. Also, a probationer is entitled to have counsel at his probation-revocation hearing when he “makes a timely and plausible claim that he did not commit the violations of his probation[.]” Id. (citing Gagnon v. Scarpelli, 411 U.S. 778, 790, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973)). Here, Jackson claimed that the drugs found by the task force did not belong to him and that the drugs must have been placed on the ground by someone else before he arrived at the house. He offered no evidence and no witnesses to support his claim, other than his own testimony, which is understandably self-serving. Therefore, we cannot say that he made a plausible claim that he did not commit the offense or that the circuit court denied Jackson’s due-process rights by not appointing counsel to represent him at his probation-revocation hearing. This issue is without merit.

II. Burden of Proof

¶ 14. Jackson further argues that the State did not meet the proper burden of proof to support the circuit court’s revocation of his probation. Jackson contends that the State was required to prove beyond a reasonable doubt that he was guilty of the crime of possession with intent to deliver. However, this Court has stated that “probation may be revoked upon a showing that a defendant more likely than not violated the terms of probation.” Id. at 681 (¶ 8) (quoting Graham v. State, 952 So.2d 1040, 1042 (¶ 6) (Miss.Ct.App.2007)). Here, the State presented testimony from Lieutenant Flowers that he observed Jackson standing near the drugs and that Jackson started to walk away once he saw Lieutenant Flowers. Additionally, Lieutenant Flowers found the drugs in the exact spot where Jackson was standing. As such, we find that the circuit court had sufficient evidence to determine that Jackson “more likely than not” violated the terms and conditions of his probation. Accordingly, this issue is without merit.
¶ 15. THE JUDGMENT OF THE STONE COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO STONE COUNTY.
LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.

. The record is unclear regarding the amount of the fines and fees.