BARNES, J.,
for the Court:
¶ 1. Stevie Lott, appearing pro se, appeals the Circuit Court of Jones County’s order clarifying his sentence after his post-release supervision was revoked. Treating Lott’s motion as one for post-conviction relief, we find no error and affirm.
STATEMENT OF FACTS AND PROCEDURAL HISTORY
¶ 2. In January 2001, a Jones County jury convicted Lott of two counts of aggravated assault. The trial court sentenced him to serve twenty years in the custody of the Mississippi Department of Corrections (MDOC), with five years to serve, and fifteen years suspended, with five of those years on post-release supervision.[1]
¶ 3. On October 3, 2008, Officer Jason Cook filed a petition to have Lott’s post-release supervision revoked because Lott left the state of Mississippi and did not pay certain court-ordered fees. On March 24, 2009, a revocation hearing was held. Officer Cook testified that Lott had not reported to his field officer since June 11, 2008, and had failed to pay a $1,500 community-service fee or participate in the circuit court’s community-service program.
¶ 4. Lott denied the accusations, stating that after approximately six years[2] of imprisonment, he was released and began serving his post-release supervision. Lott explained he requested a transfer of his supervision to Minnesota, where he had more family and friends. He waited six months for permission to transfer to Minnesota, reporting to his field officer in Mississippi during this time. He then decided to leave the state before he had permission to do so. He traveled to Minnesota and reported to a field officer, who told him his transfer had been denied. Additionally, Lott claimed participation in the community-service program was not in his sentencing order, and Officer Cook had waived his probation fees.
¶ 5. The trial court found Lott left Mississippi in violation of the terms of his post-release supervision. Thus, the trial court revoked Lott’s post-release supervision and required him to serve the remainder of his original sentence in the full-time custody of the MDOC.
¶ 6. In March 2011, Lott filed a motion to show cause for why his post-release *906 supervision was revoked. The trial court denied the motion, explaining that Lott left Mississippi in violation of the terms of his post-release supervision. In December 2011, Lott moved to clarify his sentence,[3] claiming that his sentence was ambiguous because at the revocation hearing, the trial judge merely required him “to serve the sentence.”[4]
¶ 7. On January 27, 2012, the trial court entered an order in response, stating Lott was to serve the remaining time of his original twenty-year sentence in the full-time custody of the MDOC. In its order, the trial court did not state specifically that it considered Lott’s motion as one for post-conviction relief; however, the subject matter of Lott’s claims is consistent with post-conviction proceedings.[5] Under Mississippi Code Annotated section 99-39-5(l)(h) (Supp.2012), one ground for post-conviction relief is that the petitioner’s “sentence has expired; his probation, parole or conditional release unlawfully revoked; or he is otherwise unlawfully held in custody.” On March 1, 2012, Lott filed an untimely notice of appeal of the trial court’s order. Lott’s arguments on appeal include that his post-release supervision was improperly revoked.[6]
STANDARD OF REVIEW
¶ 8. In reviewing a trial court’s denial of a motion for post-conviction relief, the appellate court “will not disturb the trial court’s factual findings unless they are found to be clearly erroneous.” Presley v. State, 48 So.3d 526, 528-29 (¶ 10) (Miss.2010) (quoting Brown v. State, 731 So.2d 595, 598 (¶ 6) (Miss.1999)). Questions of law, however, are reviewed de novo. Id. at 529.
ANALYSIS
I. Jurisdiction
¶ 9. Lott’s notice of appeal, was not filed in the trial court within thirty days of entry of the trial court’s judgment. Appellate rules require that the notice of appeal “shall be filed with the clerk of the trial court within 30 days after the date of entry of the judgment or order appealed from.” M.R.A.P. 4(a). The trial court denied Lott’s motion to clarify his sentence on January 27, 2012. Lott’s notice of appeal was stamped “filed” by the circuit court clerk on March 2, 2012, but is otherwise without a date.[7] Generally, an appeal shall *907 be dismissed unless the notice of appeal is timely filed pursuant to Mississippi Rule of Appellate Procedure 4 or 5. M.R.A.P. 2(a)(1). However, post-conviction relief petitions are governed by Mississippi Rule of Appellate Procedure 2(c), which allows this Court to suspend the requirements of the appellate rules in the interest of justice. Specifically, this Court may suspend Rule 4(a) to allow an out-of-time appeal in criminal cases and “civil” post-conviction relief actions. See M.R.A.P. 4 cmt.
¶ 10. We must determine whether appellate jurisdiction exists. The prison-mailbox rule states that in pro se post-conviction relief proceedings, the prisoner’s motion is considered delivered for filing when the prisoner gives the documents to prison officials for mailing. Sykes v. State, 757 So.2d 997, 1000-01 (¶ 14) (Miss.2000). The State bears the burden of proving the prisoner’s notice of appeal was untimely filed. Melton v. State, 930 So.2d 452, 455 (¶ 8) (Miss.Ct.App.2006).
¶ 11. There is no indication in the record when Lott delivered his documents to prison officials for mailing. Since his notice of appeal was received by the trial court only five days late, it is possible that the documents were delivered to prison authorities within the time frame allowed by Rule 4(a). The State has admitted that under the prison-mailbox rule, the appeal was probably timely noticed. Therefore, we exercise our discretion under Rule 2(c) to suspend the thirty-day requirement to the extent Lott’s filing may have been untimely. Accordingly, we find jurisdiction proper and address Lott’s appeal on the merits.
2. Revocation
¶ 12. As the State notes, Lott’s arguments about the revocation of his post-release supervision appear to “evolve.” Lott’s initial motion in March 2011 was to “show cause” as to why his “probation”[8] was revoked. He also argues he was in compliance with the conditions of his “probation,” implying an improper revocation. In Lott’s motion to clarify his sentence, filed in December 2011, Lott explained why he traveled to Minnesota, also claiming his sentence was ambiguously described by the trial court judge at the revocation hearing, and that the revocation was improper. In his brief before this Court, Lott argues that at no time did the trial court inform him of how his post-release supervision could be revoked and his suspended sentence imposed. Interestingly, Lott also denies that he violated the conditions of which he was unaware. Finally, Lott claims the trial court only revoked his post-release supervision, but did not impose the suspended sentence. We find no merit to these arguments.
¶ 13. Post-release supervision is an alternative to probation for convicted felons. Ivory v. State, 999 So.2d 420, 427 (¶ 17) (Miss.Ct.App.2008) (citing Carter v. State, 754 So.2d 1207, 1208 (¶4) (Miss.2000)). A court may impose a term of post-release supervision to follow a term of incarceration, provided the two terms do not exceed the maximum sentence for the crime. Miss.Code Ann. § 47-7-34(1) (Rev.2011). “The period of post-release supervision shall be conducted in the same manner as a like period of supervised probation, including a requirement that the defendant shall abide by any terms and conditions as the court may establish.” Miss.Code Ann. § 47-7-34(2). “At any *908 time during the period of probation the court ... may issue a warrant for violating any of the conditions of probation or suspension of sentence and cause the probationer to be arrested.” Miss.Code Ann. § 47-7-37 (Rev.2011). After the probationer is arrested,
the court ... shall cause the probationer to be brought before it and may ... revoke all or any part of the probation or the suspension of sentence, and may cause the sentence imposed to be executed or may impose any part of the sentence which might have been imposed at the time of conviction.

Id.

¶ 14. As stated earlier, due to the subject matter of his motion for clarification, it is proper to convert Lott’s pleading into a motion for post-conviction relief, to the extent he is claiming his conditional release was improperly revoked. See Miss.Code Ann. § 99-39-5(l)(h). Here, after Lott had served his six years in prison, he began serving his five years of post-release supervision. During this time, Lott violated the terms of his post-release supervision, and it was properly revoked under section 47-7-37. The judge then ordered Lott to serve the remainder of his twenty-year sentence in the custody of the MDOC.
¶ 15. It is apparent that the trial court was entitled to revoke Lott’s post-release supervision and impose his sentence based on the evidence presented at the revocation hearing by Officer Cook. At this hearing, Lott was told exactly what terms he had violated: failing to report to his field officer; failing to pay court costs, restitution, community-service fees, and fines; and failing to participate in the community-service program. While Lott claims that he was unaware he had to participate in a community service program, Lott admitted that he left Mississippi and went to Minnesota without permission to do so.
¶ 16. Lott’s sentence was not ambiguous. Nor was it necessary at the revocation hearing for the trial judge to reiterate verbally Lott’s entire sentence into the record; the order entered on January 27, 2012 states Lott is to serve “the remaining time of his original twenty (20) year sentence in the full-time custody” of the MDOC. Additionally, it is clear from the record and Lott’s pleadings that he knew the conditions of his post-release supervision, with the exception of the community service. However, the findings of other violations, such as not reporting to his field officer and paying certain fines, are sufficient to justify the revocation. Accordingly, the trial court did not err in denying post-conviction relief to Lott.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF JONES COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO JONES COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.

. The original sentencing order is not a part of the record before us.

. The trial court's order of January 2012 explains that Lott’s post-release supervision had been revoked on May 22, 2007 as well, and he was thus required to serve an additional year of his original twenty-year sentence in the full-time custody of the MDOC.

. Lott claims that he discussed this topic with officials at MDOC, and they recommended he file this motion to clarify his sentence.

. Lott refers to the following exchange at the March 24, 2009 revocation hearing:
THE COURT: All right. The Court finds [Lott] left the State without permission of his probation officers whereby violating his post-release supervision. What do you recommend?
OFFICER COOK: I recommend that he complete his sentence, Your Honor, due to the fact that he may leave the State again.
THE COURT: All right. The Court revokes his post-release supervision and requires him to serve the sentence.

. Additionally, while Lott filed his motion past the three-year statute of limitations for post-conviction relief petitions, petitions alleging an illegal sentence are not subject to this deadline. See Miss.Code Ann. § 99-39-5(2) (Supp.2012); Jackson v. State, 965 So.2d 686, 690 (¶ 11) (Miss.2007).

. However, "an inmate who is uncertain about the operation of his sentence and desires clarity should pursue the administrative review procedures” of the MDOC, and not the court. Burns v. State, 933 So.2d 329, 331 (¶ 9) (Miss.Ct.App.2006); see also Miss.Code Ann. §§ 47-5-801 to-807 (Rev.2004).

. Other documents in the record associated with Lott’s appeal, such as his designation of the records and affidavit of poverty, are all signed and dated February 23, 2012.

. Lott's sentence did not appear to include any probation; thus, we assume he means "post-release supervision.”