# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CP-01476-COA

**DERRICK JACKSON A/K/A DERRICK L. JACKSON A/K/A DERRICK LAMOND JACKSON**                                 **APPELLANT**

v.

**STATE OF MISSISSIPPI**                                 **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 06/17/2013 |
| TRIAL JUDGE: | HON. W. ASHLEY HINES |
| COURT FROM WHICH APPEALED: | SUNFLOWER COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | DERRICK JACKSON (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: SCOTT STUART |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | DISMISSED MOTION FOR POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 01/20/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE LEE, C.J., ROBERTS AND CARLTON, JJ.

### CARLTON, J., FOR THE COURT:

¶1.     Derrick Jackson appeals the Sunflower County Circuit Court's denial of the requested relief and dismissal of his motion for post-conviction relief (PCR). Jackson claims he is entitled to PCR because the trial court erred by revoking his post-release supervision (PRS) and ordering him to serve his previously suspended eight-year sentence in the custody of the Mississippi Department of Corrections (MDOC). Finding no error, we affirm.

### FACTS

¶2.     On June 29, 2005, Derrick Jackson was convicted of armed robbery in the Sunflower County Circuit Court . The trial court sentenced Jackson to serve a term of fifteen years in the custody of the MDOC, with eight years suspended, and five years of PRS.

¶3.     In March 2012, Jackson was arrested and charged with aggravated assault and possession of a firearm by a felon.[1]  On April 2, 2012, the trial court conducted a hearing to determine if Jackson violated the terms of his PRS.  The trial court found that Jackson indeed violated the terms and conditions of his PRS by failing to report to his probation officer, failing to submit to a required chemical test, and failing to pay supervision fees.  As a result, the trail court revoked Jackson's PRS and ordered Jackson to serve the eight-year sentence that the trial court initially suspended.

¶4.     Jackson filed a PCR motion on April 2, 2013, claiming that the trial court erred by revoking his PRS after finding that he committed a crime.  Jackson further claimed that at his revocation hearing, the trial court failed to provide him with a chance to explain his failure to report to his field officer or explain his failure to pay his supervision fees and restitution.  The trial court dismissed Jackson's PCR motion.  This appeal followed.

## STANDARD OF REVIEW

¶5.     When reviewing a trial court's dismissal of a PCR motion, the appellate court "will not disturb the trial court's factual findings unless they are found to be clearly erroneous." *Presley v. State*, 48 So. 3d 526, 528-29 (¶10) (Miss. 2010) (quoting *Brown v. State*, 731 So.

---

[1] In February 2013, the Sunflower County Circuit Court entered an agreed order dismissing the charge against Jackson of possession of a firearm by a felon due to the State's failure to provide a speedy trial.

2d 595, 598 (¶6) (Miss. 1999)). Questions of law, however, are reviewed de novo. *Id*. at 529 (¶10).

DISCUSSION

¶6. Jackson argues that the trial court erred in dismissing his PCR motion. Jackson admits that the Indianola, Mississippi Police Department arrested him and charged him with aggravated assault and being a felon in possession of a firearm in March 2012. Jackson states that as a result of this arrest and charge, the trial court revoked his PRS. Jackson asserts that the "mere fact of being arrested and charged with a felony is not, per se, a violation" of PRS. Jackson claims the trial court never convicted him of the charges of aggravated assault and being a felon in possession of a firearm, and as a result, the trial court erred in revoking his PRS. The record reflects, however, that Jackson failed to report to his probation officer, as required for the suspension of his sentence, for over six months. As a result, Jackson was arrested in Indianola in March 2012.

¶7. Jackson further claims that at the time of the revocation hearing, he had paid his past-due fines. Jackson states that he made several unsuccessful attempts to call his field officer to let him know why he could not pay his fees or report. Jackson alleges that if he had not had pending charges against him at the time of his revocation hearing, "the results would have been different," and the trial judge would have given Jackson a chance to explain himself. Jackson's arguments fail to acknowledge that he failed to report or to make himself available for chemical testing for over six months.

¶8. Mississippi law provides that "the PCR movant 'bears the burden of presenting a record which is sufficient to undergird his assignments of error.'" *Smith v. State*, 129 So. 3d

3

243, 245 (¶6) (Miss. Ct. App. 2013) (quoting *Williams v. State*, 522 So. 2d 201, 209 (Miss. 1988)). Where the State seeks to revoke a probationer's PRS based upon an allegation of criminal activity, the State "must show proof of an actual conviction, or that a crime has been committed and that it is more likely than not that the probationer committed the offense." *Brown v. State*, 864 So. 2d 1058, 1060 (¶9) (Miss. Ct. App. 2004).

¶9. The transcript of the April 2, 2012 revocation hearing reflects that MDOC Field Officer Tony Warren testified that Jackson violated the conditions of his PRS. Specifically, Officer Warren stated that Jackson last reported to his probation officer on September 6, 2011; Jackson failed to pay his supervision fees, and he was in arrears $165; Jackson failed to pay the Sunflower County Circuit Clerk's Office, $6,464 in payments; and that as a result of his failure to report, Jackson also failed to submit to the required chemical analysis. Officer Warren also stated on the record that the Indianola Police Department charged Jackson with aggravated assault and being a felon in possession of a weapon.

¶10. The transcript reflects that the trial judge asked Jackson if he had anything to say in response to the charges brought against him. Jackson responded:

> Yes, sir. On that — I don't have nothing to say about the reporting, but I . . . done paid up on my P.O., and I paid some on my court costs and fines since I been incarcerated these two weeks.
>
> But the Indianola Police Department, I haven't been to [an] initial appearance. I haven't been investigated. They haven't gave no fingerprints, no gunpowder fingerprints or nothing. [There are] no witness . . . statements on me or nothing. I would just like to continue my probation hearing until we know — further notice of what's going on with these other two charges, because they [haven't] pressed charges on me . . . . They just going off hearsay.

¶11. The trial judge then asked Jackson if Jackson understood his obligation to report to

4

his probation officer. Jackson answered affirmatively. The trial judge explained to Jackson that he violated the terms of his PRS by failing to report. Officer Warren recommended that Jackson's eight-year suspended sentence be revoked. The trial judge agreed, and revoked Jackson's suspended sentence and remanded him to the custody of the MDOC. Jackson then filed his PCR motion seeking relief.

¶12. The trial court's order[2] dismissing Jackson's PCR motion stated:

> Jackson's probation was revoked for numerous reasons: failure to report monthly as directed, last reported date was [September 6, 2011]; failure to pay supervised fees, amount in arrears $165; failure to pay Sunflower County Circuit Clerk Office, amount in arrears $6,464; failure to submit to chemical analysis, unable to test [Jackson] due to him not reporting; and receipt of new charges by the Indianola Police Department for the crimes of aggravated assault and possession of a weapon by a felon.

The trial court explained that out of all of the reasons listed above, it found "failing to report and the receiving new charges to be equally egregious." The trial court stated that it "would have revoked Jackson's probation for failing to report, regardless of the fact that he had new charges pending."

¶13. This Court has held that the amount of evidence presented at a revocation hearing must be enough to "show that the defendant 'more likely than not' violated probation." *Younger v. State*, 749 So. 2d 219, 222 (¶13) (Miss. Ct. App. 1999); *see also Anderson v. State*, 89 So. 3d 645, 653 (¶22) (Miss. Ct. App. 2011). In *Lott v. State*, 115 So. 3d 903, 908 (¶15) (Miss. Ct. App. 2013), this Court found that at the revocation hearing, the trial court told the petitioner exactly what terms of his PRS he violated: "failing to report to his field officer; failing to pay court costs, restitution, community-service fees, and fines; and failing

---

[2] We note the revocation hearing was held in April 2012.

to participate in the community-service program." This Court concluded: "It is apparent that the trial court was entitled to revoke [the petitioner's PRS] and impose his sentence based on the evidence presented at the revocation hearing[.]" *Id*. The *Lott* court further stated, "it is clear from the record and [the petitioner's] pleadings that he knew the conditions of his [PRS.]" *Id*. at (¶16). The *Lott* court ultimately held that "the findings of other violations, such as not reporting to his field officer and paying certain fines, are sufficient to justify the revocation." *Id*.

¶14. After our review, we find that the State presented sufficient evidence at the revocation hearing to show that Jackson more likely than not violated the conditions of his probation by failing to report. *See id*. (Violations, including failure to report and failure to pay fines, are sufficient to justify revocation of PRS.).

¶15. The revocation hearing was held in April 2012, and the trial court found that Jackson had not reported since September 2011. Jackson was arrested by the Indianola police in March 2012. Jackson presented no evidence or argument as to why he failed to report from September 2011 until his arrest in March 2012. At the revocation hearing, Jackson received the opportunity to respond to the State's claims. The transcript shows that Jackson failed to state that he did not violate the terms and conditions of his PRS. *See Boyd v. State*, 65 So. 3d 358, 361 (¶13) (Miss. Ct. App. 2011). The revocation-hearing transcript reflects that the trial judge asked Jackson if he understood his obligation to report. Jackson answered, "Yes, sir." The transcript also reflects that the trial judge clearly stated that Jackson "violated the terms of [his] probationary status by fail[ing] to report." As a result, Jackson's argument that the trial court revoked his PRS based on his arrest and charge for aggravated assault and

6

being a felon in possession of a firearm lacks merit. As stated, the failure to report constitutes a sufficient ground to revoke a suspended sentence or probation. *See Lott v. State*, 115 So. 3d 903, 908 (¶15) (Miss. Ct. App. 2013). Therefore, the trial court's ruling was not clearly erroneous in dismissing Jackson's PCR motion since the trial judge found Jackson failed to report as required for the suspension of his sentence. Based on the transcript of the revocation hearing, which reflects that the trial judge provided Jackson with the opportunity to respond to the charges against him, we also find that Jackson failed to meet his burden of proving that the trial court failed to provide him the opportunity to be heard at the revocation hearing.

¶16. **THE JUDGMENT OF THE CIRCUIT COURT OF SUNFLOWER COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO SUNFLOWER COUNTY**.

LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, MAXWELL, FAIR AND JAMES, JJ., CONCUR.