# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2022-CP-00933-COA

**TEVARIUS PROPHET**                                                                                  **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                                                  **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 08/12/2022 |
| TRIAL JUDGE: | HON. DEWEY KEY ARTHUR |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | TEVARIUS PROPHET (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: SCOTT STUART |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 09/12/2023 |
| MOTION FOR REHEARING FILED: | |

**BEFORE BARNES, C.J., GREENLEE AND EMFINGER, JJ.**

**BARNES, C.J., FOR THE COURT:**

¶1.     In January 2014, Tevarius Prophet pled guilty to second-degree murder in the Madison County Circuit Court. The court sentenced Prophet to a term of incarceration in the custody of the Mississippi Department of Corrections.[1]

¶2.     Eight years later, on February 3, 2022, Prophet filed a motion for post-conviction relief (PCR). He subsequently filed a motion for reconsideration of his sentence on April 4, 2022. The circuit court dismissed both motions as time-barred under the Uniform Post-

---

[1] The record does not contain the transcript from the guilty plea hearing or the judgment of conviction and sentencing. According to the parties' briefs, the court sentenced Prophet to forty years in custody, with twenty-five years to serve, and fifteen years of post-release supervision.

Conviction Collateral Relief Act (UPCCRA).[2] Prophet appeals from the court's order, claiming that (1) his trial counsel was ineffective; (2) the evidence was not sufficient to support his conviction; (3) his plea was involuntary; and (4) his sentence was cruel and unusual.[3]

**DISCUSSION**

¶3. "When reviewing a circuit court's denial or dismissal of a PCR motion, we will only disturb the circuit court's decision if it is clearly erroneous[.]" *Magee v. State*, 340 So. 3d 297, 300 (¶11) (Miss. 2022). Questions of law, however, are reviewed de novo. *Id*.

¶4. In the case of a guilty plea, a claim for post-conviction relief must be made "within three (3) years after entry of the judgment of conviction." Miss. Code Ann. § 99-39-5(2). PCR claims filed outside this three-year time period are time-barred unless a claim falls within one of the enumerated statutory exceptions. *Howell v. State*, 358 So. 3d 613, 615 (¶¶7-8) (Miss. 2023).[4] None of Prophet's claims fall within these statutory exceptions.

---

[2] Miss. Code Ann. §§ 99-39-1 to -29 (Rev. 2020).

[3] Prophet's notice of appeal was filed on September 14, 2022, thirty-three days after the court's order was entered on August 12, 2022. Although untimely filed, *see* M.R.A.P. 4(a), this Court has recognized that in pro se post-conviction-relief proceedings, a prisoner's PCR motion "is considered delivered for filing when the prisoner gives the documents to prison officials for mailing." *Small v. State*, 141 So. 3d 61, 65 (¶8) (Miss. Ct. App. 2014) (quoting *Lott v. State*, 115 So. 3d 903, 907 (¶10) (Miss. Ct. App. 2013)). The record indicates that Prophet's appeal documents were dated September 5, 2022, and notarized on September 12, 2022. His notice of appeal was received by the circuit court only three days late. We therefore exercise our discretion under Mississippi Rule of Appellate Procedure 2(c) to suspend the thirty-day requirement to the extent Prophet's filing was untimely.

[4] These exceptions include "an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence"; new evidence that was "not reasonably

2

Further, in *Howell*, the Mississippi Supreme Court recently overruled precedent applying "the judicially crafted fundamental-rights exception" to "the substantive, constitutional bars codified by the Legislature in the [UPCCRA]." *Id.* at 616 (¶12).

¶5.     Accordingly, because Prophet has not demonstrated that a statutory exception applies to his claims, which are well beyond the three-year statute of limitations, we find the circuit court did not err in dismissing Prophet's motions.

¶6.     **AFFIRMED.**

**CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**

---

discoverable at the time of trial," the nature of which "would have caused a different result in the conviction or sentence"; "biological evidence not tested" or subject to new "DNA testing" that would have favorably impacted the conviction or sentence; or expiration of a movant's sentence or unlawful revocation of "his probation, parole or conditional release[.]" Miss. Code Ann. § 99-39-5(2)(a)-(b).